UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RAYDARO P.,

                  Plaintiff,

        v.                                   **DECISION AND ORDER**
                                                  19-CV-1580S

COMMISSIONER OF SOCIAL SECURITY,

                  Defendant.
_____

      1.      Plaintiff Raydaro P.[1] challenges the determination of an Administrative Law Judge ("ALJ") that he is not disabled within the meaning of the Social Security Act ("the Act").  Plaintiff alleges that he has been disabled since August 18, 2011, due to mental and physical conditions, mostly involving his back.  Plaintiff maintains that he is entitled to disability benefits because his impairments render him unable to work.

      2.      Plaintiff filed an application for disability benefits on November 21, 2015. After denial at the agency level, Plaintiff proceeded to a hearing, which took place before ALJ Bryce Baird on May 22, 2018.  At the time of the hearing, Plaintiff was 34 years old, with a high school education (and some college), and had past relevant work experience as a poultry dresser and poultry processing supervisor.  The ALJ considered the case *de novo* and, on July 18, 2018, issued a written decision denying Plaintiff's application for benefits.  The Appeals Council thereafter denied Plaintiff's request for review on June 13, 2019.

---

[1] In accordance with this district's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order identifies the plaintiff by first name and last initial only.

3.      Plaintiff filed the current action on November 21, 2019, challenging the Commissioner's final decision.[2]  After filing of the administrative record, the parties cross-moved for judgment on the pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure, with briefing concluded on March 11, 2021.  (Docket Nos. 6, 13, 16, 21.)  This Court thereafter took the motions under advisement without oral argument.  (Docket Nos. 14, 18, 20.)  For the following reasons, Plaintiff's motion will be denied, and Defendant's motion will be granted.

4.      A party is entitled to judgment on the pleadings under Rule 12 (c) "only if it has established that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  Juster Assocs. v. City of Rutland, 901 F.2d 266, 269 (2d Cir. 1990) (internal quotation marks omitted).  In social security appeals, the district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing a decision of the Commissioner of Social Security, with or without remanding the case for a rehearing."  42 U.S.C. § 405 (g).

5.      A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled.  See 42 U.S.C. § 405 (g); Wagner v. Sec'y of Health & Hum. Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Instead, the court's inquiry is limited to two issues: (1) whether the Commissioner applied the correct legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence.  See Greek v. Colvin, 802 F.3d 370, 374-75 (2d Cir. 2015) (per curiam); see also Norman v. Astrue, 912 F. Supp. 2d 33, 70 (S.D.N.Y. 2012) ("The Court first reviews the Commissioner's decision for compliance with the correct legal standards; only then does

_____

[2] The ALJ's July 18, 2018 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

it determine whether the Commissioner's conclusions were supported by substantial evidence."). In conducting this inquiry, the court cannot substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Hum. Servs., 733 F.2d 1037, 1041 (2d Cir. 1984). Consequently, if the Commissioner's determination is free from legal error and supported by substantial evidence, the court must affirm. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).

6.      As it relates to the legal-error inquiry, the court must determine whether "the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the [Social Security] Act." Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotations and citations omitted). "Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations." Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008) (citation omitted). This inquiry is completed first because "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987).

7.      As it relates to the substantial-evidence inquiry, the standard is not high. See Biestek v. Berryhill, __ U.S. __, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019). The United States Supreme Court defines substantial evidence as only "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d

842 (1971), and has clarified that "[i]t means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" Biestek, 139 S. Ct. at 1154 (quoting Consol. Edison Co. v. NLRB, 305 U.S 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)).   Because the Commissioner's factual findings are conclusive if supported by substantial evidence, see 42 U.S.C. § 405 (g), review is properly focused on whether substantial evidence supports the Commissioner's determination, not whether substantial evidence might also support the plaintiff's position.   See Zacharopoulos v. Saul, CV 19-5075 (GRB), 2021 WL 235630, at *7 (E.D.N.Y. Jan. 25, 2021) (noting that "the relevant question is not whether substantial evidence supports plaintiff's position, but whether 'substantial evidence supports the ALJ's decision'") (quoting Bonet ex rel. T.B. v. Colvin, 523 F. App'x 58, 59 (2d Cir. 2013) (emphasis in original)).   This is "a very deferential standard of review—even more so than the 'clearly erroneous' standard." Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (citing Dickinson v. Zurko, 527 U.S. 150, 153, 119 S. Ct. 1816, 144 L. Ed. 2d 143 (1999)).

8.     "To determine on appeal whether [the Commissioner's] findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."   Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).   If supported by substantial evidence, the Commissioner's factual findings must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."   Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).   Similarly, where evidence is deemed susceptible to

more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).  In short, the substantial-evidence standard requires that once an ALJ finds facts, those facts can be rejected "'only if a reasonable factfinder would *have to conclude otherwise*.'"  Brault, 683 F.3d at 448 (quoting Warren v. Shalala, 29 F.3d 1287, 1290 (8th Cir. 1994) (emphasis in original)).

9.      The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act.  See 20 C.F.R. § 404.1520.  The Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

10.     The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits her physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider her disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to perform her past work.  Finally, if the claimant is unable to perform her past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 404.1520; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

11.     The claimant has the burden of proof on the first four steps; the Commissioner has the burden of proof on the fifth step.  See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The fifth step is divided into two parts.  First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience.  Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform.  See 42 U.S.C. § 423 (d)(2)(A); 20 C.F.R. § 404.1520 (f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

12.     In this case, the ALJ found the following with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since August 18, 2011, the alleged onset date (R. at 63);[3] (2) Plaintiff's lumbar disc herniation and cervical disc bulge without herniation are severe impairments within the meaning of the Act (R. at 63); (3) Plaintiff does not have an impairment or combination of impairments that meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. at 64-65); (4) Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, with certain limitations[4] (R. at 65-72); (5) Plaintiff could not

---

[3] Citations to the underlying administrative record are designated as "R."

[4] The ALJ found that Plaintiff retained the RFC for sedentary work, limited as follows:  "the claimant had the residual functional capacity to lift, carry, push or pull up to 10 pounds occasionally and 5 pounds frequently[;] [h]e further could sit up to six hours in an eight-hour workday and stand or walk up to two hours in an eight-hour workday, but he requires the option to stand, walk or stretch up to one minute after 20 minutes of sitting, while remaining off task for the one minute of standing, walking or stretching[;] [t]he claimant could occasionally climb ramps or stairs but never climb ladders, ropes or scaffolds and he could occasionally balance, kneel, crouch or stoop, but never crawl[;] [h]e could never tolerate excessive vibration and could never tolerate exposure to hazards such as unprotected heights or moving machinery[;] [t]he claimant is further limited to work involving simple, routine tasks that could be learned after a short demonstration or within 30 days."  (R. at 65.)

perform his past relevant work as a poultry dresser or poultry processing supervisor (R. at 72-73); and (6) Plaintiff could perform jobs that exist in significant number in the national economy, given his age (33 years old), education (high school), work experience, and residual functional capacity (R. at 73-74). Accordingly, the ALJ determined that Plaintiff was not under a disability as defined by the Act from August 18, 2011, through June 30, 2017, the date last insured. (R. at 74.)

13. Plaintiff challenges the ALJ's decision on two fronts. First, he contends that the sit/stand option included in his RFC is unsupported by substantial evidence and is instead impermissibly the product of the ALJ's own surmise. Second, he argues that the ALJ's RFC determination is deficient because it omits his need for a cane, which, in Plaintiff's view, comes as a result of the ALJ "cherry picking" Dr. Rita Figueroa's opinion (the consultative surgeon). That is, Plaintiff maintains that the ALJ credited those portions of Dr. Figueroa's opinion that supported his RFC determination and rejected, without good reason, Dr. Figueroa's "opinion" concerning Plaintiff's need for a cane. In response, the Commissioner argues that the ALJ's decision is supported by substantial evidence and free from legal error and should therefore be affirmed. This Court agrees with the Commissioner.

14. RFC is "what an individual can still do despite his or her limitations." Melville v. Apfel, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 96-8p, 1996 WL 374184, at *2). To properly determine RFC, the ALJ must assess all relevant medical and other evidence in the record. See 20 C.F.R. § 404.1545 (a)(1). Such evidence includes, *inter alia*, objective medical evidence, medical opinions, medical history, clinical findings, and the claimant's own assessment of limitations. 20 C.F.R. § 404.1513 (a)(1)-(5); see also Josua S. v.

<u>Comm'r of Soc. Sec.</u>, 6:19-CV-1434 (ML), 2021 WL 105769, at *4 (N.D.N.Y. Jan. 11, 2021) ("In rendering an RFC determination, the ALJ must consider objective medical facts, diagnoses, and medical opinions based on such facts, as well as a plaintiff's subjective symptoms, including pain and descriptions of other limitations.") (collecting cases).  While the ALJ is precluded from substituting his or her own opinion for competent medical evidence, the ALJ is nonetheless entitled to weigh all of the evidence, resolve conflicts within it, and reach an RFC that is consistent with the record as a whole.  <u>See Quinn v. Colvin</u>, 199 F. Supp. 3d 692, 712 (W.D.N.Y. 2016).   And the ALJ's RFC determination need neither track nor correspond perfectly with any single medical opinion. <u>Id.</u>  Finally, "[a]lthough the ALJ has the responsibility to determine the RFC based on all the evidence in the record, the burden is on the Plaintiff to demonstrate functional limitations that preclude any substantial gainful activity."  <u>Richard B. v. Comm'r of Soc. Sec.</u>, 1:19-CV-579 (WBC), 2021 WL 22504, at *4 (W.D.N.Y. Jan. 4, 2021).

15.   At issue here is whether substantial evidence in the record supports the ALJ's conclusion that Plaintiff requires only one minute of off-task time to stand, walk, or stretch after sitting for 20 minutes and his omission of an accommodation for Plaintiff's use of a cane.  Both findings relate to Plaintiff's RFC.  In this Court's view, substantial evidence supports these findings.

16.   First, substantial evidence supports the ALJ's sit/stand limitation.  Plaintiff testified that he could only sit for 20 minutes before needing to "move left to right" or "get up."  (R. at 91-92, 101.)  Plaintiff did not testify that he needed any accommodation beyond the opportunity to change position, and Plaintiff points to no credited evidence in the record establishing that he would need any longer than one minute to stretch or

change positions.   While Plaintiff notes that his treating physician, Dr. Winston G. Douglas, opined that he would need two minutes to stretch or walk after sitting for 20 minutes, the ALJ gave this opinion little weight because Dr. Douglas's own treatment notes contradict his functional capacity assessment, and Plaintiff does not challenge the ALJ's treatment of Dr. Douglas's opinion.  (R. at 71-72, 568.)  No other opinion evidence suggests that Plaintiff would need any more than one minute to change position after sitting for 20 minutes.  In short, the ALJ's finding that Plaintiff would need only one minute to change position flows from the evidence of record, including Plaintiff's testimony and the credited medical opinion testimony, none of which suggest a greater limitation.  The ALJ's determination is therefore not the result of surmise.

17.    Second, substantial evidence supports the ALJ's omission of a cane-limitation in the RFC.  The record reflects that the ALJ carefully considered whether use of a cane was a medical necessity, both at the hearing and in his decision.  (R. at 66-70, 93-95.)  Ultimately, he found that Plaintiff's use of a cane was not a medical necessity, but rather, that Plaintiff simply elected to use one.  (R. at 70.)  The ALJ reached this conclusion by considering the undisputed evidence of Plaintiff's normal gait in multiple medical records (R. at 67-69), his inconsistent use of a cane (R. at 67, 69), the lack of prescription for a cane (R. at 70), and, significantly, opinion evidence that Plaintiff was magnifying his symptoms given the lack of objective medical findings to support his subjective complaints (R. at 68).

18.    Plaintiff first argues that the ALJ erred by focusing on the lack of a prescription, but as indicated above, the lack of prescription was just one factor upon which the ALJ relied.  Consequently, this Court finds no error.

19.     Second, Plaintiff argues that the ALJ cherry picked the medical opinion of Dr. Figueroa, who Plaintiff represents opined that Plaintiff needs a cane to maintain balance and prevent pain.  "Cherry picking" refers to an ALJ picking and choosing within a single medical opinion, crediting the portions that support the ALJ's findings and ignoring the portions that do not.  See Dowling v. Comm'r of Soc. Sec., No. 5:19-CV-1558 (DJS), 2015 WL 5512408, at *11 (N.D.N.Y. Sept. 15, 2015) (describing cherry picking as "improperly crediting evidence that supports findings while ignoring conflicting evidence from the same source.")  Such a practice "suggests a serious misreading of evidence, or failure to comply with the requirement that all evidence be taken into account, or both." Id. at *11 (citing Genier v. Astrue, 606 F.3d 46, 50 (2d Cir. 2010)).

20.     There was no cherry picking here.  While the ALJ indeed gave significant weight to Dr. Figueroa's opinion, Plaintiff overstates the notations in her assessment.  Dr. Figueroa did *not* opine that Plaintiff required a cane.  Rather, she observed in her report that "claimant has a cane for walking . . . [i]t helps him with weightbearing, balance, and pain relief."  (R. at 499.)  She then observed that "[the cane] was normal and *probably* necessary to take pressure and prevent pain."  Id. (emphasis added).  This is far from a medical opinion requiring use of a cane as a medically necessity.  In fact, Dr. Figueroa does not discuss use of a cane at all in her medical source statement, further detracting from Plaintiff's argument that she viewed use of a cane as a medical necessity.  (R. at 501.)  Moreover, there is no other proof in the record that a cane was medically required. Consequently, this Court finds no merit to Plaintiff's argument and no error in the ALJ's decision.

21.     Accordingly, having reviewed the ALJ's decision in light of Plaintiff's arguments, this Court finds that it is free from legal error and supported by substantial evidence.  It is therefore affirmed.  See Grey, 721 F.2d at 46; Marcus, 615 F.2d at 27. Plaintiff's motion for judgment on the pleadings is denied, and Defendant's motion seeking the same relief is granted.


     IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 13) is DENIED.

     FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 16) is GRANTED.

     FURTHER, that the Clerk of Court is directed to CLOSE this case.

     SO ORDERED.


Dated:          March 23, 2020
                Buffalo, New York

                              s/William M. Skretny
                             WILLIAM M. SKRETNY
                             United States District Judge